UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA BULL, Administratrix of the Estate of
ROBERT H. INGALSBE, V, Deceased,

                        Plaintiff,

vs.

ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, both individually and in his [former] capacity as Erie County Sheriff,
THOMAS DIINA, [former] Superintendent of the Jail Management Division of the Erie County Sheriff's Department, ERIE COUNTY SHERIFF'S DEPUTIES JOHN DOES 1-10, ERIE COUNTY SHERIFF'S DEPUTY NICHOLAS MILLIGAN, ERIE COUNTY SHERIFF'S DEPUTY JACOB JANUCHOWSKI, ERIE COUNTY SHERIFF'S DEPUTY CP. ISCH, ERIE COUNTY SHERIFF'S DEPUTY JUSTIN BAUER, ERIE COUNTY SHERIFF'S DEPUTY NICHOLAS A. CONIGLIO, ERIE COUNTY SHERIFF'S DEPUTY JOSEPH FALLETTA, ERIE COUNTY SHERIFF'S DEPUTY JASON SMACZNIAK, ERIE COUNTY SHERIFF'S DEPUTY SLIMAK, DEPARTMENT OF SHERIFF OF ERIE COUNTY CORRECTIONAL HEALTH CARE UNIT, CORRECTIONAL HEALTH CARE UNIT JOHN/JANE DOES 1-10, and SHC SERVICES, INC.,

                        Defendants.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DIMISS COMPLAINT WITH PREJUDICE

**Case No. 1:22-cv-00766-LJV**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TIMOTHY B. HOWARD'S MOTION TO DISMISS COMPLAINT AS AGAINST HIM, BOTH INDIVIDUALLY AND IN HIS FORMER CAPACITY AS ERIE COUNTY SHERIFF OR FOR ALTERNATIVE RELIEF**

---

### **INTRODUCTION**

This Memorandum of Law is submitted in support of the motion by the Defendant, TIMTOHY B. HOWARD, Individually and in his former capacity as Erie County Sheriff, for an

1

Order dismissing the Complaint (Doc. #1) on the ground that there is pending a precedent, first-filed action in this Court that arose out of substantially the same events as does this action.

## STATEMENT OF FACTS

The above-entitled action is not the first action which the Plaintiff has commenced to recover damages arising out of or flowing from events, beginning with the Plaintiff's decedent's arrest on October 10, 2019 and culminating in the decedent's death, in hospital, on October 12, 2019 after he was discovered hanging from a sheet – which he was, then, cut down from -- he had tied to his jail cell bar(s) in the Erie County Holding Center on October 11, 2019. Rather, on April 6, 2021 the Plaintiff previously commenced an action, asserting state law cause(s) of action only, in New York Supreme Court, Erie County under Index Number 804540/2021  See NYSCEF Docket Report for the said action, Exhibit "A" to Kirby Supporting Affidavit.

The New York Supreme Court action originally named four defendants: The County of Erie (hereafter, "County"); the Erie County Sheriff's Office (hereafter, "ECSO"); the Town of Grand Island[1].(hereafter, "Town"); and, the Town of Grand Island Police Department (hereafter, "Police Department"). The County answered the complaint in this action. ECSO moved, successfully, for an Order and/or Judgment dismissing the complaint as against ECSO upon the ground that ECSO is not an independent legal entity capable of being sued in its own name. See, certified letter Decision of New York Supreme Court Justice Donna M. Siwek, dated August 16, 2021, Exhibit "C" to Kirby Supporting Affidavit; see also, certified, signed Order and Judgment dismissing, with prejudice, the complaint as against ECSO, Exhibit "D" to Kirby Supporting Affidavit.

---

[1] In which town, the Plantiff's decedent had been arrested.

2

Eventually, both the Town and the Police Department were stipulated out of the case. An Order by Stipulation (see certified copy, Exhibit "E" to Kirby Supporting Affidavit.) was entered which revised the caption of the action to read, simply, as follows: "CYNTHIA BULL, Administrator of the Estate of ROBERT H. INGALSBE, V, Deceased, Plaintiff, v. COUNTY OF ERIE, Defendant."

After Brittany Lee Penberthy replaced Michael Dows as the Plaintiff's attorney (see, her Notice of Appearance, Exhibit "H" to Kirby Supporting Affidavit), she, in the pending New York Supreme Court action, she, on behalf of the Plaintiff, filed and served a motion for permission to file and serve a proposed Supplemental Amended Summons (Exhibit "I" to Kirby Supporting Affidavit) and a proposed Amended Complaint Exhibit "J" to Kirby Supporting Affidavit), by which the Plaintiff proposed to newly add many entities and persons as defendants (including, significantly for this motion, "ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, position now held by JOHN C. GARCIA, both individually and in his/her official capacity") and to newly assert federal law claims, none of which had been asserted in the Plaintiff's original complaint.

In light of the fact that the Plaintiff's proposed Amended Complaint asserted, for the first time, federal law claims, on September 19, 2021 (and within the time limited so to do), Assistant Erie County Attorney Kirby, on behalf of the County, removed the aforesaid New York Supreme Court action to the United States District Court for the Western District of New York. See Notice of Removal, Doc. #'s 1 through 1-23 filed in the removed action, which was assigned W.D.N.Y. Case Number 1:22-cv-00704-LJV, of which this Court is asked to take judicial notice, such being part of this Court's own records.

3

Then, Attorney Kirby began working on opposition to the Plaintiff's motion for permission to file and serve a proposed Supplemental Amended Summons and a proposed Amended Com-plaint. Before he could complete, file, and serve papers opposing the Plaintiff's said (pending) motion, on October 10, 2022 the Plaintiff commenced the within action against, in addition to the County, several other entities and persons. See, Complaint, Doc. #1. The instant Complaint alleges substantially the same events as did the original New York Supreme Court complaint (Exhibit "B" to Kirby Supporting Affidavit) and the proposed Amended Complaint (Exhibit "J" to Kirby Supporting Affidavit) but it differs, somewhat, as to the captions of its claims.

## LEGAL ARGUMENT

### ANOTHER, FIRST-FILED ACTION, ARISING OUT OF THE SAME FACTS AND IN WHICH THE SAME OR SIMILAR CLAIMS AND RELIEF ARE ASSERTED AND SOUGHT, IS PENDING, FOR WHICH REASON THE COMPLAINT HEREIN SHOULD BE DISMISSED OR, AT A MINIMUM, THIS ACTION SHOULD BE STAYED PENDING THE OUTCOME OF THE MOTION IN THAT CASE FOR PERMISSION TO FILE AND SERVE PLAINTIFF'S PROPOSED SUPPLEMENTAL AMENDED SUMMONS AND PROPOSED AMENDED COMPLAINT

Federal courts generally adhere to the "first-filed" rule when confronted with a lawsuit that is duplicative of a prior action. As the court in Castillo v. Taco Bell of America, LLC, 960 F. Supp.2d 401, 404 (E.D.N.Y. 2013), observed:

> The "first-filed" rule stands for the general proposition "where there are two competing lawsuits, the first suit should have priority ...." *Wyler–Wittenberg v. MetLife Home Loans, Inc.,* 899 F.Supp.2d 235, 243 (E.D.N.Y.2012), quoting, *First City Nat. Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989) (citations omitted). Pursuant to this rule, a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action. *Byron v. Genovese Drug Stores, Inc.,* 2011 WL 4962499 *2 (E.D.N.Y.2011). This discretion arises from the court's power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of cases. *Id., see Curtis v. DiMaio,* 46 F.Supp.2d 206, 214 (E.D.N.Y.1999), *aff'd.,* 205 F.3d 1322 (2d Cir.2000); *Wyler–Wittenberg,* 899 F.Supp.2d at 242–44. When considering

4

whether to dismiss the second action, the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially. *Wyler–Wittenberg,* 899 F.Supp.2d at 244; *Byron,* 2011 WL 4962499 *3; *Oleg Cassini, Inc. v. Serta, Inc.,* 2012 WL 844284 *3 (S.D.N.Y.2012) (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests"). Dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits. *See Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000).

Applying the foregoing precepts to the case at bar, the instant case alleges and /or arises from the same facts as does the first-filed action pending under W.D.N.Y. Case Number 1:22-cv-00704-LJV, to-wit, the October 10, 2019 arrest of Plaintiff's decedent; Plaintiff's decedent's October 11, 2019 attempted suicide by hanging; and, the Plaintiff's decedent's October 12, 2019 death in hospital. The Plaintiff has, in the instant action, named as defendants persons and entities, virtually all of whom, or which, she moved, in the preceding action, for permission to add as defendants via the mechanism of her proposed Supplemental Amended Summons. And while the Plaintiff has re-formulated some of her claims in order to try to bring them under the umbrella of a three-year, rather than a shorter, statute of limitations, yet she still seeks essentially the same relief, money damages to compensate her for the Plaintiff's decedent's (alleged) conscious pain an suffering and death.

Under these circumstances, the Plaintiff's present action is duplicative of her preceding action that is pending under W.D.N.Y. Case Number 1:22-cv-00704-:LJV. *See*, <u>RVC Floor Décor, Ltd. v. Floor and Décor Outlets of America, Inc.</u>, 2020 WL 5709180 at **5-6 (E.D.N.Y. 2020)(holding, inter alia, "The fact that Plaintiff asserts slightly different legal theories and relief, in particular the claim for misappropriation

5

which did not appear in the pending action, does not indicate that Plaintiff has distinct causes of action. *See Horowitz*, 888 F.3d at 23-24; *Saud*, 929 F.2d at 919 ('it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies')(internal citation and quotations omitted)." [p. *6]).

Per <u>RVC Floor Décor, Ltd.</u>, *id*. at **-6-7, the present action is functionally duplicative to the Plaintiff's preceding pending action for the purpose of enforcing the "first-filed" rule, for which independent cause the Complaint herein should be dismissed. However, if the instant Complaint is not dismissed for this or any of the other reasons advanced herein, then the present action should be stayed pending the determination of the Plaintiff's motion, pending in the aforementioned first-filed action, for permission to file and serve her proposed Supplemental Amended Summons and her proposed Amended Complaint. *E.g.*, <u>Silver Line Bldg. Products, LLC v. J-Channels Industries Corp.</u>, 12 F. Supp.3d, 320, 329-330 (E.D.N.Y. 2014).

## **CONCLUSION**

The Complaint (Doc. #1) should be dismissed pursuant to the "first-filed" rule. In the alternative only, at a minimum this action should be stayed pending this Court's determination of the Plaintiff's pending motion, in first-filed W.D.N.Y. Case Number 1:22-cv-00704-LJV, for permission to file and serve her proposed Supplemental Amended Summons (Exhibit "A" to Kirby Supporting Affidavit) and her proposed Amended Complaint (Exhibit "B" to Kirby Supporting Affidavit). This is particularly so because the proposed Amended Complaint in the first-filed action pending under W.D.N.Y. Case Number 1:22-cv-00704-LJV differs, as to some of its claims, from the Complaint herein (Doc. #1), and this moving defendant, as well as his co-

6

defendants, need to know to which of those two pleadings he, and they, must eventually respond.

**Dated**: Buffalo, New York
December 15, 2022

                 **Respectfully submitted**,

                 **JEREMY C. TOTH, ESQ.**
                 Erie County Attorney
                 Attorney for Defendant/movant,
                 TIMOTHY B. HOWARD, Individually
                 and in his former capacity as Erie County
                 Sheriff
                 By: s/Kenneth R. Kirby, Esq.
                 KENNETH R. KIRBY, Ass't. Erie Co.
                 Att'y., of Counsel
                 Office & P. O. Address:
                 Erie County Department of Law
                 95 Franklin Street, Room 1634
                 Buffalo, New York 14202
                 Tel: (716)858-2226
                 Email: Kenneth.kirby@erie.gov

**To:**  **PENBERTHY LAW GROUP LLP**
    Brittany Lee Penberty, Esq., of Counsel
    Attorneys for Plaintiff
    Office & P. O. Address:
    227 Niagara Street
    Buffalo, New York 14201
    Tel: (716)803-8400
    Email: bpenberthy@thepenlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022 I electronically filed with the clerk of District Court using its CM/ECF system, and on the same date the court's CM/ECF system caused to be (electronically) served the foregoing to the following CM/ECF participants at the following (email) addresses:

Brittany Lee Penberthy, Esq., of Counsel
**PENBERTHY LAW GROUP LLP**
Attorney for Plaintiff
**Office & P. O. Address:**
227 Niagara Street
Buffalo, New York 14201
Tel: (716)803-8400
Email: bpenberthy@vandettepenberthy.com,

Dated: Buffalo, New York
       December 15, 2022

                                      **JEREMY C. TOTH, ESQ.**
                                      Erie County Attorney,
                                      Attorney for Defendant, Timothy B. Howard, Individually and in his former capacity as Erie County Sheriff
                                      By:s/Kenneth R. Kirby
                                      Kenneth R. Kirby, Esq., of Counsel
                                      Assistant County Attorney
                                      95 Franklin Street, Suite 1634
                                      Buffalo, New York 14202
                                      Tel: (716) 858-2226
                                      Email; Kenneth.kirby@erie.gov