UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CYNTHIA BULL,

         Plaintiff,

    v.                                    22-CV-766-LJV
                                          DECISION & ORDER

ERIE COUNTY SHERIFF TIMOTHY B.
HOWARD, *et al.*,

         Defendants.
_____

On October 10, 2022, the plaintiff, Cynthia Bull, commenced this action against a few dozen defendants. Docket Item 1. Bull is the administratrix of the estate of Robert H. Ingalsbe, and she alleges that while Ingalsbe was in the defendants' custody, they failed to protect him, resulting in his wrongful death by suicide. *See id.*

After some defendants moved to dismiss the complaint, Docket Items 20 and 26, defendant Nicholas Milligan entered a "limited and special appearance" to preserve his right to move to dismiss for lack of personal jurisdiction, *see* Docket Item 31 (capitalization omitted); *see also* Docket Item 33 at 3 n.1. Later that same day, Milligan and several other defendants moved to dismiss the complaint on other grounds. Docket Item 32. Bull then moved for an extension of time to serve Milligan and requested permission to serve Milligan by "alternat[iv]e service"—specifically, by certified mail. Docket Item 35. A short time later, Milligan moved to dismiss the claims against him for lack of personal jurisdiction, Docket Item 39, and responded to Bull's motion, Docket Item 40.

For the following reasons, Bull's motion for an extension of time to serve Milligan is granted, but her request for an order allowing her to serve him via certified mail is denied without prejudice. And Milligan's motion to dismiss for lack of personal jurisdiction is denied without prejudice as well.

## **BACKGROUND**[1]

Bull first attempted to serve Milligan on November 16, 2022, at the Erie County Sheriff's Office, where she believed he was employed. Docket Item 35-1 at ¶ 5. When she learned that Milligan no longer worked there, she attempted to serve him at the address where she believed he resided in Lancaster, New York. *Id.* at ¶¶ 6-8. In fact, a process server tried to serve Milligan at the Lancaster address on December 7, December 9, December 10, and December 12, 2022. *Id.* at ¶ 8. After the process server could not personally serve Milligan on December 12, the process server "affix[ed] the documents to the door" of the residence and "mail[ed] a true copy of the documents" to that address. *Id.* at ¶ 9.[2]

---

[1] The following facts are taken from the declaration supporting Bull's motion for an extension of time to serve Milligan, Docket Item 35-1, and Milligan's response to the motion, Docket Item 40.

[2] This method of service, commonly called "nail-and-mail" service, is permitted "where personal service . . . cannot be made with due diligence." *Jordan v. Pierre*, 2019 WL 2461721, at *1 (S.D.N.Y. May 28, 2019) (quoting *JP Morgan Chase Bank, N.A. v. Baldi*, 128 A.D.3d 777, 777, 10 N.Y.S.3d 126, 127 (2d Dep't 2015)). It requires that (1) the summons be affixed "to the door of either the actual place of business, dwelling place[,] or usual place of abode" of the defendant, and (2) the summons be mailed to the defendant at his "last known residence" or his "actual place of business." N.Y. C.P.L.R. § 308(4).

Bull later learned that Milligan no longer resided at the Lancaster address. *Id.* at ¶ 10. So she obtained what she believed to be Milligan's current residential address in Springville, New York, and a process server attempted to serve him there on December 30 and December 31, 2022, and on January 2 and January 3, 2023. *Id.* at ¶¶ 11-13. But Milligan "refused to answer the door or was absent from the residence" on each occasion. *Id.* at ¶ 14.

Milligan has since confirmed that the Springville address is his current residential address. Docket Item 40 at ¶ 7.

## DISCUSSION

**I.    MOTION FOR EXTENSION OF TIME**

Generally, a plaintiff must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure [to serve a defendant within that time period], the court must extend the time for service for an appropriate period." *Id.* And "[e]ven absent a showing of good cause, a court has discretion to grant an extension in appropriate circumstances." *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 61-62 (S.D.N.Y. 2005).

Bull clearly has made diligent efforts to serve Milligan. Moreover, Milligan does not oppose her request for an extension of time to serve him. *See* Docket Item 40 at ¶ 9. Bull's motion for an extension of time to serve Milligan therefore is granted. She shall serve Milligan within 90 days of the date of this order.

## II.   MOTION FOR ALTERNATIVE SERVICE

Federal Rule of Civil Procedure 4 provides the methods by which a plaintiff may serve a defendant.  But "[t]he court enjoys broad discretion in fashioning alternative methods of service under Rule 4(f)(3)."  *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 397 (S.D.N.Y. 2014).  "[D]istrict courts in this Circuit generally impose two . . . threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary."  *Id.* (quoting *Devi v. Rajapaska*, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012)).

Bull "has reasonably attempted to effectuate service on" Milligan by attempting to serve him nine times; she therefore has satisfied the first prong of the test.  *See id.*; Docket Item 35-1 at ¶¶ 5, 8-9, 13.  But this Court's intervention is not yet necessary, so she has not satisfied the second prong.  Bull attempted both personal service and nail-and-mail service at the incorrect Lancaster address, Docket Item 35-1 at ¶¶ 8-9, and she attempted personal service at Milligan's current Springville address, *id.* at ¶¶ 12-15.  But she apparently has not yet attempted nail-and-mail service at the Springville address.  *See generally* Docket Item 35-1.

Should nail-and-mail service at the Springville address be ineffective for some reason, Bull may renew her motion for an order allowing service of Milligan by certified mail or other means.  But for now, Bull's motion to serve Milligan by alternative means is denied.

### III. THE PENDING MOTIONS TO DISMISS

Finally, the Court notes that Bull has not responded to the first three motions to dismiss filed by the defendants, *see* Docket Items 20, 26, and 32, and the time to respond to those motions has elapsed.  Therefore, within 30 days of the date of this order, Bull shall show cause why this Court should not decide those motions to dismiss based only on the defendants' papers.  She may do so by responding to the motions to dismiss, by moving for an extension of time to respond, or by providing some other reason that this Court should not decide the motions based on the current record.

The final motion to dismiss, Milligan's motion to dismiss for lack of personal jurisdiction, Docket Item 39, is denied as premature in light of Bull's extended time to serve him.  Milligan may renew his motion at a later date, if appropriate.

### **CONCLUSION**

For the reasons stated above, Bull's motion for an extension of time to serve Milligan, Docket Item 35, is GRANTED; Bull's motion to serve Milligan by alternative service, *id.*, is DENIED without prejudice; and Milligan's motion to dismiss for lack of personal jurisdiction, Docket Item 39, is DENIED without prejudice.

Within 30 days of the date of this order, Bull shall show cause why this Court should not decide the remaining motions to dismiss, Docket Items 20, 26, and 32, based only on the defendants' papers.  Bull may do so by responding to the motions to dismiss, by moving for an extension of time to respond, or by providing some other reason that this Court should not decide the motions based on the current record.

SO ORDERED.

Dated:  February 9, 2023
        Buffalo, New York


                                      ***/s/ Lawrence J. Vilardo***
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE