UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA BULL, Administratrix of the Estate of
 ROBERT H. INGALSBE, V.,

                                Plaintiff,                       **REPORT**
                                                          **and**
               v.                                        **RECOMMENDATION**

ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, both       22-CV-00766-JLS-LGF
 individually and in his official capacity,
THOMAS DIINA, Superintendent of the Jail Management
 Division of the Erie County Sheriff's Department,
NICHOLAS MILLIGAN, Erie County Sheriff's Deputy,
JACOB JANUCHOWSKI, Erie County Sheriff's Deputy,
C P ISCH, Erie County Sheriff's Deputy,
JUSTIN BAUER, Erie County Sheriff's Deputy,
NICHOLAS CONIGLIO, Erie County Sheriff's Deputy,
JOSEPH FALLETTA, Erie County Sheriff's Deputy,
JASON SMACZNIAK, Erie County Sheriff's Sergeant,
SLINAK, Erie County Sheriff's Sergeant,
JOHN/JANE DOES 1-10, Correctional Health Care Unit,
DEPARTMENT OF SHERIFF OF ERIE COUNTY
 CORRECTIONAL HEALTH CARE UNIT, and
SHC SERVICES, INC.,

                                Defendants.
_____

APPEARANCES:       PENBERTHY LAW GROUP, LLP
                             Attorneys for Plaintiff
                             BRITTANY LEE PENBERTHY, of Counsel
                             227 Niagara Street
                             Buffalo, New York  14201

                             JEREMY C. TOTH
                             ERIE COUNTY ATTORNEY
                             County of Erie
                             Department of Law
                             KENNETH R. KIRBY
                             Assistant Erie County Attorney, of Counsel
                             95 Franklin Street
                             Suite 1634
                             Buffalo, New York  14202

**JURISDICTION**

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on August 3, 2023, for all pretrial matters including preparation of a report and recommendation on dispositive motions. (Dkt. 56). The matter is presently before the court on motions to dismiss filed by Defendants on December 2, 2022 (Dkt. 20), December 15, 2022 (Dkt. 26), and January 6, 2023 (Dkt. 32).[1]

**BACKGROUND and FACTS**[2]

On October 10, 2022, Plaintiff Cynthia Bull ("Plaintiff"), as Administratrix of the Estate of Robert H. Ingalsbe, V. ("Decedent"), commenced this action alleging against Defendants, under 42 U.S.C. § 1983 and New York state law, claims for deprivation of adequate medical care, negligent hiring, training and supervision, failure to train, substantive due process, failure to treat, and municipal liability pursuant to *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), pertaining to Decedent's arrest on October 10, 2019, pretrial detainment at Erie County Holding Center ("ECHC"), and suicide attempt on October 11, 2019, resulting in Decedent's death on October 12, 2019. Defendants to this action include then Erie County Sheriff Timothy B. Howard ("the Sheriff"), Thomas Diina, Superintendent of the Jail Management Division of the Eire County Sheriffs Department ("Diina"), Erie County Sheriff Deputies Nicholas Milligan ("Milligan"), Jacob Januchowski ("Januchowski"), C P Isch ("Isch"), Justin Bauer ("Bauer"), Nicholas A. Coniglio ("Coniglio"), and Joseph Falletta ("Falletta"), Erie County

---

[1] A further motion to dismiss filed March 10, 2023 (Dkt. 43), is based on different arguments and will be addressed in a separate Report and Recommendation.
[2] The Facts are taken from the pleadings filed in this action.

Sheriff Sergeants Jason Smaczniak ("Smaczniak"), and Slimak ("Slimak"),[3] Department of Sheriff of Erie County Correctional Health Care Unit ("CHCU") (together, "County Defendants"), CHCU John/Jane Does 1-10 ("Doe Defendants"), and SHC Services, Inc. ("SHC").

Prior to commencing the instant action, Plaintiff, on April 6, 2021, filed a complaint in New York Supreme Court, Erie County ("state court"), alleging similar state law claims against Defendants County of Erie ("the County"), Erie County Sheriff's Office ("ECSO"), the Town of Grand Island ("Town"), and the Town of Grand Island Police Department ("Town Police") (together, "state court Defendants") ("state court action").  A ruling on a motion to dismiss and a stipulation filed in the state court action by New York State Supreme Court Justice Donna M. Siwek left the state court action pending only against the County.  On September 9, 2022, Plaintiff filed in state court a motion for leave to file an amended complaint seeking to add to the state action 57 named Defendants and Erie County Sheriff's Deputies John Does 1-10, and to assert additional claims including pursuant to state law and 42 U.S.C. § 1983 ("§ 1983") ("motion to amend"), as well as a proposed amended complaint ("PAC").  On September 19, 2022, while the motion to amend was pending in state court, the County removed the state action to this court asserting federal question as the basis for subject matter jurisdiction because of the federal claims contained in the PAC.  Accordingly, when removed to this court, the state action, *Bull v. County of Erie*, 22-CV-704-JLS-LGF ("the removed action"), included only state claims asserted only against the County.

---

[3] Slimak is improperly named in the Complaint as "Slinak."

On December 2, 2022, Defendant CHCU moved to dismiss the Complaint on the basis that CHCU, as a division of the County, is not a legal entity capable of being sued in its own name, res judicata, and the so-called "first-filed" rule predicated on the removed action being filed on April 6, 2021 (Dkt. 20) ("CHCU's motion"). In support of its motion, CHCU also filed on December 2, 2022, the Affidavit [of Linda Pawenski][4] in Support of Motion to Dismiss Complaint with Prejudice (Dkt. 21), attaching exhibits A and B (Dkts. 21-1 and 21-2), Assistant Erie County Attorney Kenneth R. Kirby ("Kirby")'s Affidavit in Support of Motion to Dismiss Complaint with Prejudice (Dkt. 22) ("First Kirby Affidavit"), attaching exhibits A through J (Dkts. 22-1 through 22-10), and the Memorandum of Law in Support of Motion to Dismiss Complaint with Prejudice (Dkt. 23) ("CHCU's Memorandum"). On December 15, 2022, Defendant Sheriff filed a motion to dismiss based on the "first-filed" rule (Dkt. 26) ("Sheriff's motion"). In support of his motion, the Sheriff also filed on December 15, 2022, Kirby's Affidavit in Support of Motion to Dismiss Complaint (Dkt. 27) ("Second Kirby Affidavit"), with exhibits A through D (Dkts. 27-1 through 27-4), the Affidavit [of Timothy B. Howard] in Support of Motion to Dismiss Complaint (Dkt. 28), attaching exhibits A and B (Dkts. 28-1 through 28-2), and the Memorandum of Law in Support of Motion to Dismiss Complaint with Prejudice (Dkt. 29) ("Sheriff's Memorandum"). On January 6, 2023, Defendants Diina, Milligan, Januchowski, Isch, Bauer, Coniglio, Falleta, Smaczniak, and Slimak ("Sheriff Department Defendants") filed a motion to dismiss based on the first-filed rule (Dkt. 32) ("Sheriff Department Defendants' motion"). Papers supporting Sheriff Department Defendants' motion were also filed on January 6, 2023, including Kirby's Affidavit in

---

[4] Unless otherwise indicated, bracketed material has been added.

Support of Motion to Dismiss Complaint (Dkt. 33) ("Third Kirby Affidavit"), attaching exhibits A through E (Dkts. 33-1 through 33-5), and the Memorandum of Law in Support of Motion to Dismiss Complaint with Prejudice (Dkt. 34) ("Sheriff Department Defendants' Memorandum").

On March 10, 2023, Plaintiff filed in response to CHCU's motion, Sheriff's motion, and Sheriff Department Defendants' motion (together, "the motions to dismiss"), the Memorandum of Law in Opposition to Defendants' Motion[s] to Dismiss (Dkt. 43) ("Plaintiff's Combined Response"). Filed on May 2, 2023, was Kirby's Reply Affidavit in Support of Certain Defendants' Motion to Dismiss Complaint with Prejudice on Basis that a First-Filed Action is Already Pending (Dkt. 52) ("Kirby's Reply Affidavit"), the Reply Memorandum of Law in Support of Certain Defendants' Motion to Dismiss Complaint with Prejudice on Basis that a First-Filed Action is Pending (Dkt. 53) ("County Defendants' Reply"),[5] and Kirby's Reply Affidavit in Support of Defendant "Department of Sheriff of Erie County Correctional Health Care Unit's" Motion to Dismiss Complaint (Dkt. 54) ("CHCU's Reply Affidavit"). Oral argument on the motions to dismiss was deemed unnecessary.

In a Report and Recommendation filed on March 20, 2024 in the removed action (22-CV-704-JLS-LGF, Dkt. 21), the undersigned recommended the removed action be remanded to state court based on a lack of subject matter jurisdiction because the state court had not ruled on the motion to amend such the PAC was not the operative pleading and the federal claims in the PAC were not part of the removed action which contains only state law claims.

---

[5] A thorough review of the County Defendants' Reply establishes it is filed on behalf of all Defendants, except the Doe Defendants and SHC, and in further support of all three motions to dismiss.

Based on the following, the motions to dismiss should be GRANTED; alternatively, the motions should be DENIED as to the first-filed rule or, as a further alternative, GRANTED as to the first-filed rule.

## DISCUSSION

Defendants' motions to dismiss assert two arguments in support of dismissal of the Complaint including that Defendant CHCU, as a department of Erie County, is not a separate legal entity capable of being sued, CHCU's Memorandum at 4-6, the instant action is barred as against CHCU by the doctrine of *res judicata* based on an earlier decision by Justice Siwek in the removed action that ECSO is not a separate legal entity capable of being sued, *id*. at 6-10, and the case is barred from proceeding against CHCU, the Sheriff and Sheriff Department Defendants by the so-called "first-filed action"). CHCU's Memorandum at 10-12; Sheriff's Memorandum at 4-6; Sheriff Department Defendants' Memorandum at 4-6. In opposition, Plaintiff concedes that CHCU is not a legal entity separate from the County and, as such, is not subject to suit. Plaintiff's Combined Reply at 3. With regard to the "first-filed rule" pursuant to which dismissal is also sought by Defendants, Plaintiff argues the Defendants and claims in the instant action are separate from the removed action such that the instant claims should not be dismissed based on the first-filed rule. *Id*. at 4-6. In reply, County Defendants reiterate their argument regarding the first-filed rule, County Defendants' Reply at 5, asserting there is no basis supporting a departure from the rule, *id*. at 6-9, and CHCU, despite Plaintiff's conceding to dismissing the claims against CHCU, repeats the arguments that the action is barred as against CHCU by the doctrine of *res*

6

*judicata* based on Justice Siwek's decision in the removed action, CHCU's Reply at 3-5, and as a mere division of the County, CHCU is not a separate legal entity subject to suit in its own name. *Id*. at 5-7.

Initially, Plaintiff concedes that because CHCU is a division of the County, it is not a legal entity capable of being sued and, as such, Plaintiff does not oppose the dismissal of the instant action as against CHCU. Accordingly, CHCU's motion should be GRANTED with the action DISMISSED as against CHCU,[6] and the undersigned does not address whether the instant action is also barred by *res judicata* against CHCU, an argument which Plaintiff does not address.

Insofar as County Defendants argue the instant action is barred by the first-filed rule, County Defendants rely on the fact that the removed action was filed in state court 18 months before the instant action was filed. It is "the well-settled principle in this Circuit that '[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second.'" *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.,* 804 F.2d 16, 19 (2d Cir.1986) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.,* 787 F.2d 784, 790 (2d Cir.1986))). The "relevant benchmark" to determine whether an action originally filed in federal court or an action filed in state court and removed to federal court is the first filed action is the state court filing date for the state court action. *See About.com, Inc. v. Aptimus, Inc.*, 2001 WL 503251, at *2 (S.D.N.Y. May 11, 2001) (citing *800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860

---

[6] CHCU is the only non-suable entity named as a defendant in this action.

7

F.Supp. 128, 131 n. 1 (S.D.N.Y.1994) (noting that where a state court action is removed to federal court, the state court filing date is the benchmark for the purposes of the first-filed rule)).  Accordingly, the presence in this court of the removed action, filed in state court on April 6, 2021, would bar the instant action pursuant to the first-filed rule.

Nevertheless, the court's remand of the removed action to state court, as recommended by the undersigned, would render the first-filed rule inapplicable because "the first-to-file doctrine applies to concurrent federal litigation—not concurrent state/federal litigation."  *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001).  Accordingly, should the District Judge adopt the pending Report and Recommendation in the removed action (22-CV-704-JLS-LGF, Dkt. 21), the motions to dismiss in this action, *i.e.*, Dkts. 20, 26, and 32, should be DENIED based on the first-filed rule.[7]

Alternatively, should the District Judge not agree with the recommendation that the removed action be remanded to state court, then the removed action would constitute the first-filed action in this court.  Although Plaintiff maintains that despite both cases being predicated on the Decedent's arrest and death, the cases "have entirely different defendants and causes of action," Plaintiff's Memorandum at 4, that argument is belied by the fact that should the removed action remain in this court, subject matter jurisdiction would exist over the removed action only upon the granting, at least in part, of Plaintiff's motion to amend filed in the removed action.  The granting of that motion would necessarily bring into the removed action federal claims and defendants in

---

[7] If, upon the removed action's remand to state court, Plaintiff's motion to amend is granted with the federal claims added in that action, Defendants would then be permitted to remove the action based on federal question jurisdiction, in which case the court could then entertain a further motion to consolidate or merge the two actions in this court.

common with the federal claims and Defendants in this action.  Under such circumstances, the motions to dismiss should be GRANTED based on the first-filed rule.

## **CONCLUSION**

Based on the foregoing, CHCU's motion (Dkt. 20), should be GRANTED with the action DISMISSED with prejudice as against CHCU based on Plaintiff's concession that CHCU is not a suable entity; alternatively, if the District Judge remands the removed action to state court, then CHCU's motion (Dkt. 20) should be DENIED based on the first-filed rule or, as a further alternative, GRANTED based on the first-filed rule.  If the District Judge remands the removed action to state court, then the Sheriff's motion (Dkt. 26) and the Sheriff Department Defendants' motion (Dkt. 32) should be DENIED based on the first-filed rule; alternatively, such motions (Dkts. 26 and 32) should be GRANTED based on the first-filed rule.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 20, 2024
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 20, 2024
         Buffalo, New York

10