UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA BULL, as Administratrix [sic] of the Estate of ROBERT H. INGALSBE, V.,

      Plaintiff,

v.

ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, both individually and in his official capacity, THOMAS DIINA, Superintendent of the Jail Management Division of the Erie County Sheriff's Deputy, C P ISCH, Erie County Sheriff's Deputy, JUSTIN BAUER, Erie County Sheriff's Deputy, NICHOLAS CONIGLIO, Erie County Sheriff's Deputy, JOSEPH FALLETTA, Erie County Sheriff's Deputy, JASON SMACZNIAK, Erie County Sheriff's Sergeant, SLINAK, Erie County Sheriff's Sergeant, JOHN/JANE DOES 1-10, Correctional Health Care Unit, DEPARTMENT OF SHERIFF OF ERIE COUNTY CORRECTIONAL HEALTH CARE UNIT, and SHC SERVICES, INC.,

      Defendants.
_____

22-CV-766 (JLS)

## DECISION AND ORDER

Plaintiff Cynthia Bull, as Administrator of the Estate of Robert H. Ingalsbe, initiated this action asserting claims for deprivation of adequate medical care, negligent hiring, training and supervision, failure to train, substantive due process,

failure to treat, and municipal liability. Dkt. 1. Defendants filed several motions to dismiss. *See* Dkts. 20, 26, 32.

On March 20, 2024, Judge Foschio issued a Report and Recommendation ("R&R"),[1] recommending, among other things, that this Court: (1) grant Department of Sheriff of Erie County Correctional Health Care Unit's ("CHCU") motion to dismiss based on Bull's concession that CHCU is not a suable entity; and (2) deny the Sheriff Howard's motion to dismiss (Dkt. 26) and the Sheriff Department Defendants' motion to dismiss (Dkt. 32), based on the first-filed rule and this Court's adoption of the R&R in Bull's related action, *see* Dkt. 22, *Bull v. County of Erie*, 22-CV-704 (JLS)(LGF). *See* Dkt. 59, at 9.

Neither party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[1] This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. sections 636(b)(1)(A), (B), and (C). Dkt. 56.

Though not required to do so here, this Court nevertheless reviewed Judge Foschio's R&R. Based on that review, and absent any objections, the Court accepts and adopts the R&R's recommendation to grant CHCU's motion to dismiss (Dkt. 20). The Court also accepts and adopts the R&R's recommendation that Sheriff Howard's motion (Dkt. 26) and the Sheriff Department Defendants' motion (Dkt. 32) should be denied based on the first-filed rule. Dkt. 59, at 9.

## CONCLUSION

For the reasons above and in the R&R, the Court GRANTS Defendant CHCU's motion to dismiss (Dkt. 20). Additionally, the Court DENIES Sheriff Howard's motion (Dkt. 26) and DENIES Sheriff Department Defendants' motion (Dkt. 32) based on the first-filed rule. The case is referred back to Judge Foschio consistent with the August 3, 2023 referral order. Dkt. 56

SO ORDERED.

Dated:   April 11, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE