UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA BULL, as Administratrix [sic] of the Estate of ROBERT H. INGALSBE, V.,

      Plaintiff,

v.

ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, both individually and in his official capacity, THOMAS DIINA, Superintendent of the Jail Management Division of the Erie County Sheriff's Deputy, C P ISCH, Erie County Sheriff's Deputy, JUSTIN BAUER, Erie County Sheriff's Deputy, NICHOLAS CONIGLIO, Erie County Sheriff's Deputy, JOSEPH FALLETTA, Erie County Sheriff's Deputy, JASON SMACZNIAK, Erie County Sheriff's Sergeant, SLINAK, Erie County Sheriff's Sergeant, JOHN/JANE DOES 1-10, Correctional Health Care Unit, DEPARTMENT OF SHERIFF OF ERIE COUNTY CORRECTIONAL HEALTH CARE UNIT, and SHC SERVICES, INC.,

      Defendants.
_____

22-CV-766 (JLS)

## DECISION AND ORDER

Plaintiff Cynthia Bull, as Administrator of the Estate of Robert H. Ingalsbe, initiated this action asserting claims for deprivation of adequate medical care, negligent hiring, training and supervision, failure to train, substantive due process,

failure to treat, and municipal liability. Dkt. 1. Defendant SHC Services, Inc. ("SHC") filed a motion to dismiss. *See* Dkt. 48.

On April 11, 2024, Judge Foschio issued a Report and Recommendation ("R&R"),[1] recommending that this Court grant SHC's motion to dismiss the following claims against SHC, with leave to amend: first claim (deprivation of medical care); third claim (state law negligent hiring, training, and supervision); fourth claim (municipal liability based on failure to train); and sixth claim (failure to treat). *See* Dkt. 61, at 53. The R&R also recommends that this Court grant SHC's motion to dismiss Bull's fifth claim (substantive due process) against SHC, without leave to amend. *Id.*

Neither party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[1] This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. sections 636(b)(1)(A), (B), and (C). Dkt. 56.

2

Although not required to do so here, this Court nevertheless reviewed Judge Foschio's R&R. Based on that review, and absent any objections, the Court accepts the R&R's recommendation to grant SHC's motion to dismiss (Dkt. 48). *See* Dkt. 61, at 53.

## **CONCLUSION**

For the reasons above and in the R&R, the Court GRANTS Defendant SHC's motion to dismiss (Dkt. 48). Bull is granted leave to amend her first claim (deprivation of medical care); third claim (state law negligent hiring, training, and supervision); fourth claim (municipal liability based on failure to train); and sixth claim (failure to treat). The case is referred back to Judge Foschio consistent with the August 3, 2023 referral order. Dkt. 56

SO ORDERED.

Dated:   May 1, 2024
         Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE